# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE FISHER, #B-70454, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-610-JPG |
| | ) |
| MICHAEL P. RANDLE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT District Judge:**

Plaintiff, an inmate currently in the Pontiac Correctional Center, was at all times relevant to this action housed in the Pinckneyville Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's amended complaint (Doc. 19). On August 12, 2009, Defendant Alvis wrote Plaintiff a disciplinary ticket for intimidation or threats, insolence, and disobeying a direct order.[1] However, that ticket failed to sufficiently identify Plaintiff; a time, place, and date; a specific behavior qualifying for the offenses listed; sufficient evidence, including a witness; and did not list Defendant Alvis as the reporting officer. This ticket was then given to Defendant Edwards, the shift supervisor. Defendant Edwards charged Plaintiff with the listed infractions, though a formal evaluation was not at that time conducted. Defendant Edwards then detained Plaintiff in segregation pending resolution of the charges. Defendants Schwartz and Harris allowed Plaintiff to remain in segregation, where Plaintiff did not have access to his possessions, bedding, toiletries, or cleaning supplies.

Defendant Pickery conducted an informal hearing regarding the ticket, and concluded that Plaintiff had been adequately charged and should remain in segregation pending the disciplinary hearing, even though the disciplinary ticket failed to adequately establish a basis for the charges that were determined to be major infractions. Plaintiff was then served notice by Defendant Hill of the disciplinary charges against him.

On August 14, 2009, the disciplinary hearing took place, wherein Defendants McBride and

---

[1] Plaintiff fails to describe the actions that led up to the writing of this ticket.

Klindworth ultimately found Plaintiff guilty of the specified offenses. However, Plaintiff was not provided a representative during the hearing, and was not given the chance to "speak freely" at the hearing (Doc. 19 p. 16). Defendant Klindworth prepared a written report finding Plaintiff guilty, and recommending two months segregation and c-grade demotion status. On August 20, 2009, Defendant Schwartz affirmed this decision.

On September 9, 2009, while Plaintiff was in segregation, he attempted to file a grievance concerning the above-mentioned hearing. However, Defendant Deen, a grievance officer, did not ensure that Plaintiff had access to complaint forms, that he had an opportunity to disclose all information he had regarding his complaints, or that Plaintiff had the ability to file his complaints while in segregation. On September 29, 2009, Defendant Deen failed to conduct an investigation into Plaintiff's grievance[2] within 7 days, as required by prison regulations.

On October 5, 2009, Defendant Schwartz subjected Plaintiff to two months of segregation and c-grade demotion status for intimidation or threats, insolence, and disobeying a direct order, without immediately informing Plaintiff, in writing, of the decision.[3] This decision was appealed to Defendant Randle, who affirmed the decision on October 14, 2009. The decision was further appealed on December 22, 2009 to Defendant Benton, a member of the Administrative Review Board, who also upheld the decision.

**Discussion:**

Plaintiff alleges that Defendants Alvis, Edwards, Schwartz, Harris, Pickery, Hill, McBride, Klindworth, Deen, Randle, and Benton violated his rights when he was written a faulty disciplinary

---

[2] Plaintiff fails to state whether this was the same grievance he attempted to file on September 9, or if it was a new grievance.

[3] It is unclear whether this segregation order was for the ticket written in August by Defendant Alvis, or for an unrelated disciplinary matter that coincidentally has been brought alleging the same charges as the August ticket.

3

ticket, found guilty of the specified offenses, sent to segregation where he was without his property or grievance forms, and his appeal was denied.

**A. Defendants Alvis, Edwards, Pickery, and Hill**

Plaintiff alleges specifically that Defendant Alvis failed to write him a proper disciplinary ticket because he failed to include the name of the Plaintiff; the place, time, and date of offense; the behavior Plaintiff was alleged to have committed; witnesses or other evidence; or a signature as required by ILL. ADMIN. CODE tit. 20 §504.30(d) (2011). Plaintiff further alleges that Defendant Edwards violated ILL. ADMIN. CODE. tit. 20 § 504.40 when he failed to conduct a formal evaluation of the disciplinary charges. Plaintiff alleges that Defendant Pickery violated ILL. ADMIN CODE tit. 20 §504.50(d) when he failed to conduct an informal hearing to determine that the disciplinary ticket was warranted. Finally, Plaintiff claims that Defendant Hill violated ILL. ADMIN. CODE. tit. 20 § 504.80 when he served Plaintiff with the ticket, which was incomplete.

However, even if the disciplinary ticket issued by Defendant Alvis was so deficient as to lack all of the above listed requirements, Defendant Edwards failed to sufficiently evaluate the charges against Plaintiff, Defendant Pickery failed to conduct an informal hearing on the charges, and Defendant Hill failed to adequately serve Plaintiff, these requirements are mandated by the Illinois Administrative Code, not the United States Constitution. A violation of state administrative regulations does not amount to an infringement of Plaintiff's constitutional rights. *See Pittman v. Casanova*, No. 08-C849, 2010 WL 3024875, at *7 (N.D. Ill. Aug. 02, 2010). Plaintiff's allegations involve violations of state administrative rules that govern prisons, not violations of the United States Constitution. Constitutionally, Plaintiff is entitled to due process, which includes a written notice of charges brought against him; the right to appear before an impartial disciplinary hearing board; the right to present evidence where doing so is feasible; and receipt of a written statement

4

regarding the reasoning of the hearing board for its decision(s). *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Plaintiff does not allege that Defendants Alvis, Edwards, Pickery, or Hill violated his right to due process, only that they have violated the administrative rules governing the implementation of disciplinary tickets. Because this does not amount to a constitutional violation, the claims against Defendants Alvis, Edwards, Pickery, and Hill must be dismissed at this time. It is unclear, however, whether Plaintiff's assertions that these officers failed to follow prison rules states a claim under Illinois law. Therefore, the dismissal of Plaintiff's § 1983 claim against Defendants Alvis, Edwards, Pickery, and Hill is without prejudice to Plaintiff raising a state-law claim in state court.

**B.    Defendant Deen**

Plaintiff also alleges that his rights were violated when Defendant Deen did not ensure that Plaintiff had access to grievance forms while in segregation, and did not ensure that Plaintiff had the ability to file his grievances.[4] However, prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, No. 09-3618 (7th Cir. Mar. 18, 2011). *See also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*. 538 F.3d 763, 772 n.3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Plaintiff does not allege that Defendant Deen is personally responsible for the circumstances that led to his segregation sentence, or that Plaintiff planned to file a grievance concerning the

---

[4] The Court is skeptical about this claim, as Plaintiff alleges that he was unable to file grievances, but then claims that on September 29, twenty days later, Defendant Deen failed to investigate a grievance Plaintiff filed, indicating that at some point Plaintiff regained the ability to file grievances or had the ability all along. However, the Court will analyze the claim as if Plaintiff did not have the ability to file grievances prior to September 29.

actions or inactions of Defendant Deen. Plaintiff does complain that he did not have ready access to grievance forms, and that because Defendant Deen is a grievance officer, it was her job to ensure that Plaintiff did have such access and a failure to so ensure violated Plaintiff's rights. However, as stated above, even where a grievance system is in place in a prison, it is not a constitutional requirement, so that failure to follow that system does not rise to a constitutional violation. Thus, even if Defendant Deen did fail to ensure that Plaintiff had the ready ability to file grievances, she has not violated Plaintiff's constitutional rights unless she was involved in the actions about which Plaintiff wished to grieve. Plaintiff has not indicated that Defendant Deen was in anyway involved in his placement in segregation. Thus, Defendant Deen has not violated any of Plaintiff's constitutional rights.

Plaintiff also alleges that Defendant Deen failed to investigate his September 29 grievance within 7 days as required by procedures. Plaintiff points to ILL. ADMIN. CODE tit. 20, §504.830 (2011) for the proposition that Defendant Deen, a grievance officer, must investigate a grievance within 7 days of receipt. However, as stated above, the regulations that govern the grievance procedure are not constitutionally mandated, so any failure of Defendant Deen to follow those regulations does not amount to a violation of Plaintiff's constitutional rights. For the reasons stated above, Plaintiff has failed to state a claim against Defendant Deen. Again, this dismissal is without prejudice to Plaintiff bringing his claims in state court.

C. **Defendants Schwartz and Harris**

Plaintiff next alleges that Defendants Schwartz and Harris violated his rights when they sent him to segregation without his personal property, bedding, toiletries, or cleaning supplies. As to the allegation that Plaintiff was denied access to his personal property while in segregation, to state a claim Plaintiff must establish that the deprivation occurred *without due process of law*; if the state

provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Accordingly, Plaintiff has no claim under § 1983 for deprivation of his personal property while in segregation.

As to the lack of bedding, toiletries, and cleaning supplies, this may trigger a violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346; *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component

focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The conditions must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

The Seventh Circuit has found that the objective component of the inquiry is satisfied where

inmates in segregation are denied basic toiletries, bedding, and possibly cleaning supplies. *James v. O'Sullivan*, 62 F. App'x 636, 639 (7th Cir. 2003)(denial of soap, toothbrush, toothpaste, etc. could jeopardize inmate's health, and thus objective component of Eighth Amendment is satisfied); *see also Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006)(prisons must provide bedding, sanitation, and hygienic materials). As for the subjective inquiry, only those defendants who knew or should have known that Plaintiff was being denied toiletries, bedding, and cleaning supplies can be held to be deliberately indifferent. In the case at bar, Plaintiff alleges that Defendants Schwartz and Harris failed to issue the toiletry items to Plaintiff and to ensure that Plaintiff had access to bedding and cleaning supplies. However, Plaintiff does not state that either Defendant specifically knew that Plaintiff was without these items or that Plaintiff was at risk for harm. Without this subjective component, Plaintiff has failed to allege a violation of the Eighth Amendment. For these reasons, this claim against Defendants Schwartz and Harris is dismissed with prejudice.

    **D.**    **Defendants McBride and Klindworth**

Plaintiff next alleges that Defendants McBride and Klindworth violated his rights to due process when they found Plaintiff guilty of the disciplinary ticket written by Defendant Alvis on August 12, 2009. Plaintiff claims that he was not represented during the hearing, and was not given the chance to "speak freely." Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

It has long been determined that neither constitutional due process nor prison regulations require that an inmate be represented during a disciplinary hearing, absent a showing that there is a language barrier or that the issues are so complex as to warrant it. *See Williams v. Cannon*, 370 F. Supp. 1243, 1247 (N.D.Ill. 1974); ILL. ADMIN. CODE tit. 20 § 504.80 (I). Plaintiff does not state whether either of these circumstances were present in his case. Due process does, however, require that an inmate be given the chance to appear and present evidence. *Wolff*, 418 U.S. at 563-69. Plaintiff alleges that he was not given the opportunity to "speak freely" at his hearing. It is unclear what the Plaintiff means by this statement, and because it is possible that he was not given the chance to present his own testimony at the hearing, or warranted representation but did not receive it, this claim cannot be dismissed at this time.

### E. Defendants Randle and Benton

Plaintiff next alleges that Defendants Randle and Benton violated his rights when they upheld the finding of guilt that was set out by the disciplinary committee. However, a cause of action does not arise simply because a plaintiff disagrees with the outcome of a hearing. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Plaintiff does not allege that Defendants Randle or Benton themselves did anything to personally violate his constitutional rights, but instead argues that their agreement with the disciplinary committee amounts to a violation because the decision of the disciplinary committee was inherently flawed. However, as stated above, a mere disagreement with the decisions of Defendants Randle or Benton to uphold the finding of guilt does not raise a constitutional violation. Furthermore, because in general defendants are liable only for their own misdeeds, Defendants Randle and Benton cannot be held liable for the disciplinary committee's failure to comport to the requirements of due process. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v.*

*McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff has failed to allege that Defendants Randle and Benton have violated any of his constitutional rights, and for this reason these Defendants are dismissed from this action with prejudice.

**Pending Motions:**

On April 18, 2011, Plaintiff filed a motion to supplement his complaint (Doc. 20). In that motion Plaintiff seeks to clarify employment history of some of the named Defendants. However, at this point in the litigation this evidentiary step is unnecessary. Further, by the date Plaintiff filed his motion, the Court had already begun threshold review of Plaintiff's complaint. As a matter of course, Plaintiff is advised that this Court is not in the habit of accepting supplements to complaints, and that in the future should Plaintiff wish to amend his complaint to add new information, he must file a motion to amend attached to an amended complaint. *See* SDIL-LR 15.1 For these reasons, this motion is **DENIED** at this time.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **DEEN, ALVIS, EDWARDS, HILL,** and **PICKERY** are **DISMISSED** from this action without prejudice so that Plaintiff can raise his claims in state court.

**IT IS FURTHER ORDERED** that Defendants **SCHWARTZ, HARRIS, RANDLE,** and **BENTON** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **MCBRIDE** and **KLINDWORTH** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 28, 2011**

                                           *s/J. Phil Gilbert*
                                           **United States District Judge**