# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DONNIE FISHER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CASE NO. 10-cv-610-JPG-PMF |
|  | ) |  |
| MICHAEL RANDLE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for judgment on the pleadings (Doc. No. 31). Plaintiff Donnie Fisher is proceeding on a claim that he was disciplined in violation of his right to due process of law. The claim is based on events at Pinckneyville Correctional Center in August, 2009. Plaintiff was an inmate, accused of rule violations. Acting as members of an adjustment committee, defendants Brett Klindworth and Carol McBride decided that rules were violated. They recommended two types of disciplinary action: reduction in grade and segregation, both lasting for a period of 2 months. Those recommendations were approved.

Defendants seek judgment in their favor on the pleadings, claiming that the allegations in the Third Amended Complaint do not show that the actions attributed to them deprived Fisher of an interest protected by the Due Process Clause. The motion is opposed on the basis that the conduct alleged reflects a violation of procedural and substantive due process rights, due in part to definite standards adopted by the Illinois Department of Corrections (Doc. No. 35).

## I. Rule 12(c)

A party may seek judgment on the pleadings after the pleadings are closed and early enough not to delay trial. Fed. R. Civ. P. 12(c). When ruling on a Rule 12(c) motion, the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

## II. Procedural Due Process

When a plaintiff brings an action for a procedural due process violation, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of the law. *Zinerman v. Burch,* 494 U.S. 113, 125 (1990). The undersigned agrees with the defendants that the allegations in the Third Amended Complaint (Doc. No. 19) do not describe a procedural due process violation because no facts suggest that these defendants imposed sanctions depriving Fisher of a protected property or liberty interest. Fisher's disciplinary sanctions consisting of a 2-month grade decrease and a 2-month stint in the prison's disciplinary segregation unit. The living environment in the segregation cell were more restrictive and less sanitary than Fisher's living environment in general population, but was not unusually harsh. Fisher experienced (1) delayed access to grievance forms, (2) no access to certain items of personal property, (3) restricted access to clothing and bedding supplies, (4) a dirty mattress, and (5) no access to personal hygiene or cleaning supplies. Considering the nature of those conditions along with the length of exposure, the Court cannot reasonably infer that Fisher was subjected to an "atypical and significant hardship" in relation to the ordinary incidents of his prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995)(30 days in segregation); *Hoskins v. Lenear*, 395 F.3d 602, 612 (7th Cir. 2005)(60 days); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005)(90 days); *Whitford v. Boglino*, 63 F.3d 527, 533 n. 7 (7th Cir. 1995)( 6 months) *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 & n. 2 (7th Cir. 2009)(further findings needed when segregation continues for 8 months).

### III. Substantive Due Process

Fisher argues that the disciplinary sanction was imposed arbitrarily and violates principles of fundamental fairness. Substantive due process claims depend "on the existence of a fundamental liberty interest." *Idris v. City of Chicago*, 552 F.3d 564, 565-66 (7th Cir. 2009). Fundamental liberty interests include marriage, family, procreation, and bodily integrity.

Fisher was accused of violating prison rules by making insolent and threatening comments to correctional employee and by refusing to obey a direct order. He was found guilty of rule violations and sanctions were imposed. A deprivation of a fundamental liberty interest is not described in the Third Amended Complaint.

### IV. Conclusion

IT IS RECOMMENDED that defendants' motion for judgment on the pleadings (Doc. No. 31) be GRANTED. Judgment should enter in favor of defendants Klindworth and McBride on plaintiff Donnie Fisher's due process claim. If this recommendation is adopted, no claims will remain for decision.

SUBMITTED:  September 12, 2011  .

    S/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**