DONNIE FISHER,

       Plaintiff,

      v.

MICHAEL P. RANDLE, GREGORY SCHWARTZ,
SHERRY BENTON, KATHREEN DEEN, BRETT A.
KLINDWORTH, HILL, B. PICKERY, W. HARRIS,
EDWARDS, DAVID ALVIS, and CAROL A.
MCBRIDE,

       Defendants.

Case No. 10-cv-610-JPG-PMF

## MEMORANDUM AND ORDER

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 36) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motion for judgment on the pleadings filed by defendants Klindworth and McBride (Doc. 31). Plaintiff Donnie Fisher has objected to the Report (Doc. 41), and Klindworth and McBride have responded to that objection (Doc. 42).

## I.    Report and Recommendation Review Standard

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II.    The Report

    This case arose after Fisher, an inmate at Pinckneyville Correctional Center at all

relevant times, was accused of violating a prison rule in August 2009. Klindworth and McBride served on the adjustment committee that found Fisher violated the rule and recommended disciplinary action against Fisher – a 2-month grade decrease and a 2-month term in the disciplinary segregation unit. Fisher brought this action under 42 U.S.C. § 1983 for violation of his due process rights under the Fourteenth Amendment.

The Report finds that the pleadings do not show a procedural due process violation because the defendants did not impose sanctions on Fisher that deprived him of a liberty or property interest. The sanctions did not constitute an "atypical and significant hardship" in relation to the ordinary incidents of his prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). The Report further finds that the pleadings do not show a substantive due process violation because the defendants did not deprive Fisher of a fundamental liberty interest. *Idris v. City of Chi.*, 552 F.3d 564, 565-66 (7th Cir. 2009).

## III.    Fisher's Objection

Fisher argues that the complaint contains allegations that the defendants "arbitrarily facilitated various disciplinary measures against him for having committed major infractions of the Illinois Department of Correction(s)" rules without applying the Illinois Department of Corrections' procedural rules. The defendants criticize Fisher's objection for failing to specify to what part of the Report he objects.

Fisher's objection misses the mark. Even if the defendants were procedurally deficient in the disciplinary process, the disciplinary action they imposed did not deprive him of an interest protected by the Due Process Clause of the Fourteenth Amendment. Unless a plaintiff has been deprived of a protected interest, he has no procedural due process claim. *See Polenz v. Parrott*, 883 F.2d 551, 555 (7th Cir. 1989) ("To satisfy the second element in a § 1983 action based on

due process, the plaintiff must demonstrate . . . that the claimed interest is a protected property or liberty interest under the fourteenth amendment. . . .").  As for his substantive due process claim, Fisher has not claimed the loss of any fundamental interest, *see Idris*, 552 F.3d at 565-66, or any arbitrary government action that "is conscious shocking, in a constitutional sense," *see County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998).

**IV.    Conclusion**

For the foregoing reasons, the Court:

•    **ADOPTS** the Report (Doc. 36) in its entirety;

•    **GRANTS** Klindworth's and McBride's motion for judgment on the pleadings (Doc. 31); and

•    **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  October 24, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**